UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-CR-20527-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIFFANY SMITH,

    Defendant.
_____/

## ORDER DENYING MOTION FOR NEW TRIAL

THIS MATTER is before the Court on the Defendant's Motion for New Trial [DE-79], made pursuant to Federal Rule of Criminal Procedure 33. Defendant was charged with and tried on one count of access device fraud and one count of aggravated identity theft. The jury found Defendant guilty on both counts. Thereafter, Defendant filed the instant motion. Defendant raises four reasons why she is entitled to a new trial - three decisions by the Court which allegedly prevented her from presenting her defense and the Court's decision to permit the Government to present allegedly inadmissible hearsay evidence. Unfortunately, Defendant did not choose to file the trial transcript in support of her motion; therefore, the Court must rely on its own recollection of the trial and the unsupported representations made by Defendant in her motion. Because Defendant has not met the standard for a new trial, her motion is denied.

Federal Rule of Criminal Procedure 33(a) permits a court to vacate a judgment and grant a new trial "if the interest of justice so requires." As Defendant notes, the authority to set aside a verdict and order a new trial "should be exercised sparingly and with caution." *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980).

Defendant maintains that the Court prevented her from presenting her defense by excluding evidence of: (1) Dr. Nordt's divorce and financial debt; (2) checks from Dr. Nordt's bank account marked with an "F;" and (3) police reports Dr. Nordt filed against other former employees claiming the same conduct of which Defendant was accused. Defendant's defense was based on the theory that Dr. Nordt was aware of and sanctioned Defendant's activities in order to create a picture of unstable finances to avoid having to pay his wife alimony as a result of their divorce. In other words, Dr. Nordt concocted the fraud to receive a financial benefit in his divorce.

Based on this defense theory, Defendant sought to introduce evidence of Dr. Nordt's divorce and the financial disclosures he made as part of his divorce proceedings. However, Defendant was indicted based on actions that occurred between December 2008 and September 14, 2009, while Dr. Nordt's wife did not file for divorce until nearly seven months after the last indicted acts, on April 6, 2010. No evidence was presented or proffered showing that Dr. Nordt was aware the divorce filing was imminent in 2008 or 2009. Thus, given this temporal lapse between the indicted actions and the divorce filing, it is not clear how the evidence Defendant sought to introduce was relevant and Defendant's motion fails to explain its relevance.

In the alternative, Defendant argues that the evidence pertaining to Dr. Nordt's divorce and finances should have been admitted pursuant to Federal Rule of Evidence 404(b) to establish Dr. Nordt's motive for making up the fraud. However, the Eleventh Circuit has stated that the word "motive" in Rule 404(b) "does not refer to a motive to testify falsely." *United States v. Farmer*, 923 F.2d 1557, 1567 (11th Cir. 1991). Thus, 404(b) does not provide a basis for admitting the evidence to establish Dr. Nordt's motive to lie. Consequently, the interest of justice does not require a new trial based on the exclusion of this evidence.

Next, Defendant maintains that she is entitled to a new trial because the Court excluded from evidence copies of checks from Dr. Nordt's bank account that were marked with handwritten notes, primarily the letter "F." However, defense counsel had the opportunity to present the checks to Dr. Nordt, who then testified that they did not refresh his memory and that some of the handwritten notes on the copies were not made by him. As a result, the Court excluded the copies of the checks from evidence. Thus, Defendant was permitted to question Dr. Nordt about the checks. Unfortunately, Defendant was unsatisfied with his answers. However, admitting the checks into evidence would not have changed Dr. Nordt's testimony that he could not remember which checks were fraudulent and that some of the handwritten notes were not his. While Defendant argues that she could have testified that the writing was his, that would not change Dr. Nordt's testimony that he could not remember which checks were fraudulent. Nor would cross examining Dr. Nordt about each individual check have changed his answers. He testified that he could not remember which checks were fraudulent and there is nothing to indicate that cross-examining him about each individual check would have changed that answer. While Defendant argues that the "F" notations indicated Dr. Nordt's earlier belief as to which checks were fraudulent, there was no testimony as to what the "F" on the checks represented.

Lastly, as to the excluded checks, Defendant argues that she should have been allowed to use them as impeachment evidence. Defendant argues that she could have impeached Dr. Nordt by testifying that, as his office manger, she was familiar with his signature and recognized the writing on the checks as his. However, the issue is not the signature on the checks but the notations which allegedly indicate which checks were fraudulent. Thus, it is not clear how her familiarity with his signature would help identify the notations as his. Consequently, Defendant

has not shown that the interest of justice requires a new trial because the checks were excluded from evidence.

Third, Defendant urges a new trial because the Court failed to admit into evidence police reports filed by Dr. Nordt containing accusations against other former employees. Defendant argues that allowing these reports into evidence would have allowed her to show that Dr. Nordt has done the same thing to several former employees, thereby strengthening her argument that he has a habit of making false accusations against former employees. First, a review of the record indicates that the police reports were not listed on Defendant's witness list which was filed before trial. Second, Defendant was permitted to impeach Dr. Nordt using the police report relating to Ms. Morales. Thus, Defendant was not entirely prevented from using the police reports.

Further, the police reports appear to have all been filed in 2013, which appears to be after Dr. Nordt's divorce was over. Thus, Defendant's argument that all of the reports were false in order to help Dr. Nordt gain a financial advantage in his divorce fails because of a timing issue. Additionally, no evidence was introduced or proffered that indicated that the police reports were false. In order to use the police reports to support her defense that Dr. Nordt made false fraud and embezzlement claims against his former employees in order to give Dr. Nordt a financial benefit in his divorce, Defendant would have had to introduce evidence that the claims in the police reports were false. No such evidence was offered.

Defendant also argues that the police reports were admissible under Rule 404(b). However, that argument fails for the same reason that evidence about Dr. Nordt's divorce and finances were not admissible under 404(b) – the word "motive" in Rule 404(b) "does not refer

to a motive to testify falsely." *United States v. Farmer*, 923 F.2d at 1567. Consequently, the interest of justice does not require a new trial.

Finally, Defendant urges that she is entitled to a new trial because the Court erred in admitting hearsay evidence, specifically, four delivery receipts, which were admitted as business records. In compliance with Federal Rule of Evidence 902(11), prior to trial Defendant was provided with certified records, including the delivery receipts. Prior to trial, Defendant did not challenge the records or the certification and did not maintain that she did not have sufficient opportunity to review the records or certifications. Interestingly, Defendant still does not challenge the reliability of the records, only what business entity should have provided the certification. Consequently, Defendant waived the right to object on these grounds because she did not raise the issue before trial. *See United States v. Bledsoe*, 70 Fed. App'x 370, 373 (7th Cir. 2003); *see also United States v. White*, 590 F.3d 1210, 121213 (11th Cir. 2009) (stating that most rights are deemed waived unless asserted propr to trial). Further, because Defendant does not actually challenge the validity of the records, she has not shown that the interest of justice requires a new trial. Accordingly, it is

ORDERED that Defendant's Motion for New Trial [DE-79] is DENIED.

DONE AND ORDERED in Miami, Florida, this 14th day of October, 2015.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record